(108 App. Div. 119.)

### HAZZARD v. STATE.

(Supreme Court, Appellate Division, Third Department. October 24, 1905.)

1. MASTER AND SERVANT—INJURIES TO SERVANT—CARE REQUIRED OF MASTER.

The state, as an employer, is bound to use reasonable care in providing one in its service in the operation of a pile driver with machinery and appliances reasonably safe and suitable for his use, and to keep such machinery and appliances in repair.

[Ed. Note.—For cases in point, see vol. 34, Cent. Dig. Master and Servant, §§ 173, 178, 203.].

2. SAME—FELLOW SERVANT RULE.

Where defective machinery is furnished by the master in violation of the rule that he is bound to use reasonable care in providing his employé with machinery and appliances reasonably safe and suitable for his use, and to keep such machinery and appliances in repair, the rule which exempts the master from liability for injury through the negligence of a fellow servant does not apply.

3. SAME—ASSUMPTION OF RISK—EVIDENCE—SUFFICIENCY.

In a claim against the state for injuries caused by the alleged defective condition of a pile driver, which claimant was assisting in operating, it appeared that the hammer in falling jarred the cogs, which had been released by mechanism, into position, so that the handles by which the hammer had been raised were set into such rapid motion as to cause them to break and cause the injury. The person in charge of the work had knowledge of the defect, but claimant did not have such knowledge, though there was evidence that there was trouble in operating the lever which disengaged the cogs, and that slight repairs were made a few

times in an attempt to remedy the trouble, and that claimant had knowledge thereof. Claimant had worked at the place but two or three days before the accident, and the proof was that all he knew about the defective workings of the machine was that the cogs were not easily thrown out of gear. *Held* insufficient to show that the risk was obvious to claimant, so as to charge him with assumption of the risk.

Appeal from Court of Claims.

Claim by Perry O. Hazzard against the state. From a judgment dismissing the claim, claimant appeals. Reversed.

The claimant was injured while assisting in the use of a pile driver belonging to the state in repairing the feeder of the Erie Canal, near the Madison Reservoir, under the direction of one E. R. Coman, a reservoir tender appointed by the Superintendent of Public Works. The pile driver was about 20 feet high, and the hammer, which weighed about 500 pounds, was attached to a rope passing over a pulley at the top, and was raised by hand power applied to cranks through a cylinder or windlass near the bottom, about which the lifting rope coiled. The cylinder was from 6 to 8 feet long and 16 inches in diameter. On one end of the cylinder was an iron wheel screwed to it. This had cogs fitted into another wheel, attached to the crank which turned the cylinder. When the hammer was at its greatest height, these two cogwheels were uncoupled or disengaged by a lever, and the hammer would then fall, uncoiling the rope, while the crank handles remained motionless. The cogs when separated were about a quarter of an inch apart. At the time the claimant was injured, he was employed as one of a gang of six men, two at either end of the cylinder, operating the cranks, one of whom was the claimant, one bringing the piles, and one operating the lever which disengaged the cogs. The hammer had been raised to its full height, the lever applied, the cogs disengaged, and the hammer commenced to fall, when by the jar of the machinery occasioned by the falling hammer the cogs were thrown back into gear, setting the crank handles in motion with such velocity that they were broken in pieces. One of the pieces flew, and struck the claimant on his leg, causing a painful flesh wound, and also a compound comminuted fracture of the bone about three or four inches below the knee joint. The claim of the claimant was dismissed at the close of his proofs, and from the judgment of dismissal he appeals.

Argued before PARKER, P. J., and SMITH, CHASE, CHESTER, and HOUGHTON, JJ.

E. W. Cushman, for appellant.

Julius M. Mayer, Atty. Gen., and Willis H. Tennant, Dep. Atty. Gen., for the State.

CHESTER, J. The contention of the claimant is that the pile driver was an unsafe and unfit machine and apparatus furnished to work with, and that the injury occurred by reason thereof. No opinion was written upon the dismissal of the claim in the Court of Claims, but the motion to dismiss was made upon the grounds that there was no evidence of any defect in the implement, nor of any negligence on the part of any one having charge of it, and if there was any negligence, it was the negligence of a co-servant, engaged in the same employment as the claimant. There was much evidence of the defective operation of the gearing, and of the great difficulty in throwing the machine out of gear. There was also evidence that the accident was caused because the gearing was so defective in operation that the jar of the machine caused by the falling weight let it go back in gear again. The state was bound to use reasonable care

in providing ·the claimant with machinery and appliances reasonably safe and suitable for his use, and to keep such machinery and appliances in repair. The claimant's proof shows very clearly that the state was negligent in this respect, and the decision that it was not was against the weight of evidence. The claim of the state that, even if there was negligence, it was the negligence of a co-servant, cannot be sustained upon the proof, because where defective machinery is furnished by a master in violation of the rule above stated the rule which exempts him from liability for injury through the negligence of a fellow servant does not apply. Kain v. Smith, 25 Hun,. 146, affirmed 89 N. Y. 375; Rollings v. Levering, 18 App. Div. 223,. 45 N. Y. Supp. 942.

Nor can it be held upon this evidence that the claimant assumed the risk. It appears that Mr. Coman had knowledge of the defect in the apparatus, and that the claimant did not have such knowledge. It is true that there is much evidence that there was .trouble in operating the lever so as to disengage the cogs, and that slight repairs were made a few times in an attempt to remedy the trouble, and that the claimant had knowledge of these matters; but there is no testimony that he knew that the hammer in falling was likely to jar the cogs into position after they were disengaged, so that the handles would be set into such rapid motion as to cause them to break and injure him. It cannot, therefore, be said that the risk was an obvious one to the claimant. He had worked there but two or three days before the day of the accident, and the proof is that all he knew about the defective workings of the machine was that the cogs were not easily thrown out of gear.

Upon the proof, we think that the learned trial court was in error in dismissing the claim. The judgment should be reversed, and a new trial granted, with costs to the claimant to abide the event. All concur.